IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN J. SAKALA, | ) | CV. NO.  10-00578 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, LP; ROUTH CRABTREE OLSEN LAW FIRM; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING ACTION

On September 16, 2010, Plaintiff Steven J. Sakala proceeding pro se filed a Complaint in Hawaii state court against Defendants BAC Home Loans Servicing, LP ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Routh Crabtree Olsen ("RCO") (collectively, "Defendants").  On October 6, 2010, Defendants BAC and MERS removed the action to this Court on the basis of federal question jurisdiction.

On October 12, 2010, BAC and MERS filed a Motion to Dismiss, or in the Alternative, For a More Definite Statement.  (Doc. # 7.)  On February 22, 2011, the Court issued an Order granting BAC and MERS's Motion to Dismiss and

dismissed the Complaint without prejudice as against all Defendants.  (Doc. # 40.)

On March 24, 2011, Plaintiff filed an Amended Complaint.[1]  (Doc. # 45.)  On June 23, 2011, Plaintiff filed a Second Amended Complaint ("SAC").  ("SAC," Doc. #80.)  Plaintiff alleged the following causes of action in the SAC:

- Count I:  "Declaratory Relief Against BNY Mellon."  (Id. at 24–34.)

- Count II:  "The Alleged Debt is Settled in Full Under U.C.C. § 3-603 and U.C.C. § 3-604; Plaintiff Steven J. Sakala Owes Nothing to Defendants; (Against All Defendants)."  (Id. at 34–39.)

- Count III:  "Possession of the Original Promissory Note is Necessary; Broken Chain of Title (Against all Defendants)."  (Id. at 39–40.)

- Count IV:  "Breach of Implied Covenant of Good Faith and Fair Dealing Against Defendant BAC Home Loans Servicing."  (Id. at 40–45.)

- Count V:  "Unfair and Deceptive Acts and Practices against the BAC Defendant."  (Id. at 46–53.)

---

[1] On June 20, 2011, Plaintiff sought leave to amend his Amended Complaint.  (Doc. # 73.)  On June 22, 2011, United States Magistrate Judge Barry M. Kurren granted Plaintiff's request.  (Doc. # 78.)  This Court subsequently denied as moot Defendants' renewed Motion to Dismiss on June 23, 2011.  (Doc. # 79.)

- Count VI: "Violation of RESPA 12 USC Section 2605(e) against Defendant BNY Mellon." (Id. at 53.)

- Count VII: "Injunctive Relief Against BNY Mellon." (Id. at 53–54.)

The SAC also seemingly alleged other claims, including: violations of the Helping Families Save Their Homes Act of 2009 against BNY Mellon (id. at 25); Monopolization in violation of the Sherman Act and Hawaii Revised Statutes ("HRS") § 480-9 (id. at 52–54); Punitive Damages (id. at 45–47); emotional distress (id. at 47–48; 53); Fair Debt Collection Practices Act (id. at 38); Truth in Lending Act ("TILA") (id.); and other various U.C.C. provisions.

According to the filings by the parties, Plaintiff executed a promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide") in the amount of $910,000 on February 7, 2007. (Id. ¶ 31.) On the same day, Plaintiff executed a mortgage granting a security interest in real property located at 83-1064 Honaunau School Road, Honaunau, Hawaii 96726 (the "Subject Property") in favor of Countrywide. (Id. ¶ 32; Doc.# 85 at 2–3.) Countrywide is listed on the mortgage as the originating lender and MERS is the mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns." (Doc. # 85 at 2.) On August 8, 2009, MERS executed an assignment, which purported to assign its interest in the mortgage to the Bank of New York Mellon, a New York Corporation, as Trustee

3

for the Benefit of CHL Mortgage Pass-Through Trust 2007-3 Mortgage Pass-Through Certificates, Series 2007-3 ("BNY Mellon").  (Doc. # 85, Ex. D.)  On September 10, 2009, BNY Mellon moved to foreclose on the Subject Property.  (Doc. # 85, Ex. E.)

On July 11, 2011, BAC and MERS filed their Motion to Dismiss.  (Doc. # 85.)  On July 12, 2011, RCO filed a Motion for Joinder in BAC and MERS' Motion to Dismiss.  (Doc. # 86.)  On August 16, 2011, Plaintiff filed an Opposition.  ("Opp'n," Doc. # 94.)  On August 22, 2011, BAC and MERS filed a Reply.  ("Reply," Doc. # 95.)  On October 3, 2011, the Court heard Defendants BAC and MERS's Motion to Dismiss and RCO's Motion for Joinder.

On October 4, 2011, the Court issued an Order:  (1) Granting BAC and MERS's Motion to Dismiss, (2) Granting RCO's Joinder Motion, and (3) Dismissing the Complaint Without Prejudice as to All Defendants.[2]  (Doc. # 98.)  The Court granted Plaintiff leave to amend his Complaint.  (Id. at 42.)  The Court advised Plaintiff as follows:

---

[2] The Court dismissed the SAC to the extent that Plaintiff alleges a "splitting the note" theory of liability in Count III, but dismissed without prejudice Plaintiff's remaining claims.

> If Plaintiff files another amended Complaint but fails to cure the pleading deficiencies outlined in this Order, the Court will dismiss this action <u>with prejudice</u>.  Plaintiff is advised that the amended complaint <u>must clearly state</u> how each of the named defendants have injured them, and it must also <u>clearly identify</u> the statutory provisions under which Plaintiff's claims are brought consistent with this Order.  In granting leave to amend the Court does not here limit Plaintiff's amended pleading only to the causes of action presently contained in the Complaint—Plaintiff may allege new theories of liability if he so chooses.

(<u>Id.</u>)

On October 27, 2011, United States Magistrate Judge Barry M. Kurren ordered that Plaintiff had until December 13, 2011 to file an amended complaint.  To date, Plaintiff has not filed an amended complaint nor taken further action in these proceedings.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to <u>sua sponte</u> dismiss actions for failure to prosecute or for failure to comply with court orders.  See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–31 (1962) ("The power to

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.   Expeditious Resolution and Need to Manage Docket

The Court informed Plaintiff that he had until December 13, 2011 to file an amended complaint. (See Doc. # 100-01.) Plaintiff's failure to amend his complaint hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to prosecute this action. See Yourish v. California

Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor plainly favor dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiff offers no excuse or explanation for his failure to file an amended complaint. When a party offers no excuse for failing to comply with a court's order, the risk of prejudice to the opposing party weighs in favor of dismissal. See Yourish, 191 F.3d at 991–92.

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal. Although Plaintiff had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiff leave to amend his Complaint. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiff has given this

7

Court no indication that he intends to prosecute this action.  In fact, to date Plaintiff has taken no further action in these proceedings.  This Court has attempted to explore "possible and meaningful alternatives to dismissal."  Id.  Plaintiff has been non-responsive and noncompliant with respect to these alternatives.  Given Plaintiff's failure to prosecute this action, there is no appropriate alternative to dismissal.

IV.   Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  It is, however, a plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has failed to discharge this responsibility despite the Court's order to the contrary.  Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

Plaintiff's Action is therefore **DISMISSED**.

## CONCLUSION

For these reasons, Plaintiff's Action is **DISMISSED**. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 30, 2011.



_____
David Alan Ezra
United States District Judge

Sakala v. BAC Home Loans Servicing, LP et al., Cv. No. 10-00578 DAE-LEK; ORDER DISMISSING ACTION